UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82388-CIV-MARRA

OVID SACHI and HELEN SACHI, his wife,

Plaintiff,

vs.

LABOR READY SOUTHEAST, INC.
et al.,

Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Labor Ready Southeast, Inc.'s Motion to Strike Manheim's Affirmative Defenses (DE 26). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiffs Ovid Sachi and Helen Sachi ("Plaintiffs") filed a First Amended Complaint against Defendants Labor Ready Southeast, Inc. ("Labor Ready") and Manheim Remarketing, Inc. d/b/a Manheim Palm Beach ("Manheim") claiming negligence against Labor Ready (count one) and Manheim (count two) and a consortium claim on behalf of Plaintiff Helen Sachi (count three). According to the First Amended Complaint, Labor Ready's employee negligently operated a sports utility vehicle at Manheim's automobile auction causing it collide with Plaintiff Ovid Sachi. At all material times, Labor Ready's employee was under the exclusive control of Manheim. (First Am. Compl. ¶¶ 7-26.) Both Labor Ready and Manheim have filed crossclaims against each other for contractual indemnity and common law indemnity. (DE 18 and 20.)

Manheim's contractual indemnity claim relies upon an "Agreement for the Assignment of Temporary Personnel" whereas Labor Ready's contractual indemnity claim relies upon an Agreement referred to as the "Work Ticket." See DE 18 and 20.  On June 15, 2010, Manheim filed its Answer and Affirmative Defenses to Labor Ready's Crossclaim. (DE 25.)  Manheim asserted fourteen affirmative defenses, all of which Labor Ready seeks to strike.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991); Westfield Ins. Co. v. Northland Ins. Co., No. 08-80748-CIV, 2008 WL 4753994, at * 2 (S.D. Fla. Oct. 28, 2008).  The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice."  Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[1] quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953); Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009). That stated, an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  Id.

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The first affirmative defense asserts that "Manheim incorporates its affirmative defenses raised in its answer and affirmative defenses to Plaintiff's complaint as if fully set forth herein." Labor Ready contends that it is improper for Manheim to incorporate affirmative defenses from another pleading and such a reference fails to meet the requirement of Rule 8(d) which states that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d). The Court agrees. Cf. Wagner v. First Horizon Pharm. Corp., 464 F.2d 1273, 1279 (11th Cir. 2006) ("[s]hotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense" and "wreak havoc on the judicial system") For these reasons, the Court will strike the first affirmative defense. If Manheim wishes to assert against Labor Ready the same the affirmative defenses it raised against Plaintiff, it may do so in an amended pleading specifically setting forth the defenses consistent with the pleading requirements of the Federal Rules of Civil Procedure.

The fourth affirmative defense states that "recovery in whole or in part is barred by Labor Ready's failure to mitigate its damages." The parties do not disagree that the failure to mitigate damages is a proper affirmative defense. See, e.g., Slip-N-Slide Records, Inc. v. TVT Records, LLC, No. 05-CIV-21113, 2007 WL 3232270, at * 13 (S.D. Fla. Oct. 31, 2007) (failure to mitigate damages is an affirmative defense); Ali v. City of Clearwater, 915 F. Supp. 1231, 1242 (M.D. Fla. 1996) (same). Instead, the disagreement surrounds the level of specificity required in pleading this affirmative defense. While the Court agrees with Labor Ready that this affirmative defense lacks adequate specificity, such a failure does not render an affirmative defense insufficient as a matter of law and subject to a motion to strike. Instead, the lack of specificity is best dealt with by a motion for a more definite statement pursuant to Rule 12(e) of the Federal

Rules of Civil Procedure.  That Rule requires a more definite statement when a pleading is "vague" or "ambiguous." Fed. R. Civ. P. 12(e).  In lodging this affirmative defense, Manheim has not specified how Labor Ready could have mitigated its damages.  Accordingly, Manheim is given leave to amend this affirmative defense to provide the necessary specificity.

The fifth affirmative defense states "[t]he negligence of others caused or contributed to the damages alleged by Plaintiff and therefore Manheim [ ] seeks to apportion any damages awarded in this action to such individuals or entities."  In moving to strike this affirmative defense, Labor Ready states that Florida law requires that defendants identify a non-party in its Fabre affirmative defense and that Manheim "cannot establish how a third party could ever be liable for Manheim's refusal to honor the indemnification provision in the contract between Labor Ready and Manheim." (Mot. at 4; Reply at 3.)  Manheim responds that, at this early stage in the proceeding, it is unable to plead with specificity the identity of the third-party, but that it will amend its pleading once the information becomes available.

The Court finds that, at this stage of the proceeding, this affirmative defense is properly pled.  While it is true that a nonparty cannot be included on a verdict form unless the negligence and the identity of the nonparty are pled, discovery has not yet revealed the name of any third party tortfeasors.  See Nash v. Wells Fargo Guard Svcs., Inc., 678 So. 2d 1262, 1264 (Fla. 1996).  Should Manheim intend to include a nonparty on the verdict form, it must move to amend this defense to identify specifically the non-party.  See Reed v. Dollar General Corp., No. 805CV1440T24TBM, 2005 WL 2062231, at * 2 (M.D. Fla. Aug. 23, 2005)  Its failure to do so at this stage, however, is not a ground for striking this affirmative defense.

The eighth affirmative defense states "[t]he accident was caused in whole or in part by the

4

negligence of Labor Ready."  This affirmative defense is not insufficient as a matter of law.

Indeed, it pleads the proper affirmative defense of comparative negligence.  See Fed. R. Civ. P.

8(c).  This affirmative defense, however, does not set forth a "short and plain statement"

explaining its factual basis.  See Fed. R. Civ. P. 8(a).  Thus, pursuant to Rule 12(e), Manheim is

given leave to amend this affirmative defense to provide the necessary specificity.

  The tenth affirmative defense states "Labor Ready's claims are barred as Labor Ready

failed to fulfill its obligations and to perform all conditions precedent required by the terms of the

applicable Agreement between Labor Ready and Manheim."  Pursuant to Rule 9(c), when

pleading a denial that a condition precedent has been performed, a party must do so with

particularity. Fed. R. Civ. P. 9(c); see Runnemede Owners, Inc. v. Crest Mortg. Corp., 861 F.2d

1053, 1057-58 (7th Cir.1988) ("[A] party who intends to controvert the claimant's general

allegation of performance is . . . given the burden of identifying those conditions he believes are

unfulfilled and wishes to put into issue.") (quoting Charles Alan Wright and Arthur R. Miller, 5

Federal Practice and Procedure § 1304).  Manheim does not dispute this, but instead contends

that it is unable to provide "any specific detail as there remains questions of fact regarding the

competing contractual provisions in dispute." (Resp.  at 8.)   Regardless of the questions of fact

that may need to be addressed at the summary judgment stage, Maheim must put Labor Ready on

fair notice of this defense.  Therefore, Manheim is granted leave to amend this affirmative

defense.

  The twelfth affirmative defense states that "[t]he March 29, 2007 Temporary Labor

Agreement is the controlling agreement between Manheim [ ] and Labor Ready and the work

order[2] on which Labor Ready bases its crossclaim is not applicable under the express terms of the Temporary Labor Agreement." The Court finds that this affirmative defense lacks the necessary specificity because it fails to identify what "express terms" render the "work order" inapplicable. Therefore, Manheim is given leave to amend to provide these specific facts.

The thirteenth affirmative defense states "[t]he terms of the work order under which Labor Ready seeks relief are vague and ambiguous and any ambiguities in said work order should be resolved in favor of Manheim." In response to the motion to strike, Manheim states this affirmative defense is not vague because Labor Ready's complaint alleges that "paragraph five of the Work Ticket is the controlling contractual agreement" and therefore "there is no confusion regarding which provision of the work ticket Manheim is responding to." (Resp. at 5.) Based on this response, the Court finds that Manheim can provide additional specificity to support this affirmative defense; i.e., the specific terms of the work ticket that it alleges are ambiguous.  See Westfield Ins. Co. v. Northland Ins. Co., No. 08-80748-CIV, 2008 WL 4753994, at * 2 (S.D. Fla. Oct. 28, 2008) (granting leave to amend when response memorandum provided additional specificity that may support affirmative defenses).  Leave to amend is therefore appropriate pursuant to Rule 12(e).

---

[2] The Court assumes that by using the term "work order," Manheim is referring to the "Work Ticket."

Finally, with respect to Labor Ready's motion to strike the second,[3] third,[4] sixth,[5] seventh,[6] ninth,[7] eleventh[8] and fourteenth[9] affirmative defenses, the Court finds that they are not affirmative defenses. Rather, they are denials, as they only allege a defect in either Plaintiff's claim or Labor Ready's crossclaims.  See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir.1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); Zeron v. C & C Drywall Corp., Inc., No. 09-60861-CIV, 2009 WL 2461771, *2 (S.D. Fla. 2009) (same). However, when a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] ... the proper remedy is not [sic] strike the claim, but rather to treat is [sic] as a specific denial." [10] Zeron, 2009 WL 2461771, at *2 (internal quotations and citations omitted). Thus, the Court will not treat these affirmative

---

[3] Labor Ready's crossclaim fails to state a cause of action for breach of contract.

[4] Labor Ready's crossclaim fails to state a cause of action for indemnification as Manheim is without any fault.

[5] Manheim is wholly without fault with respect to the allegations raised by Plaintiff's complaint.  Should Manheim be held liable for any of Plaintiff's damages, such liability would not be a result of any active negligence of Manheim but would only be the result of Labor Ready's failure to comply with its contractual obligations owed to Manheim.

[6] Labor Ready owes a contractual duty of indemnification.

[7] Manheim is not at fault for the injuries sustained and damages sought by Plaintiffs in their Complaint.

[8] All duties or obligations under any agreements, including the applicable Agreement, were fully and specifically performed by Manheim relative to the subject incident.

[9] There was no meeting of the minds as it relates to the provisions of the work order under which Labor Ready attempts to state a cause of action.

[10] Manheim's response memorandum acknowledges that these defenses are denials. (Resp. at 6-9.)

7

defenses as defenses but rather will treat them as denials.[11]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Labor Ready Southeast, Inc.'s Motion to Strike Manheim's Affirmative Defenses (DE 26) is **GRANTED IN PART AND DENIED IN PART**.  Manheim is granted leave to amend its affirmative defenses, consistent with the directives set forth in this Order, within ten days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of August, 2010.

_____
KENNETH A.  MARRA
United States District Judge

---

[11] Manheim also contends that the motion should be denied based on Labor Ready's failure to confer with opposing counsel before filing the instant motion in violation of the Court's local rules.  Labor Ready does not deny that it failed to confer and states in its reply memorandum that it subsequently reached out to opposing counsel to resolve the issues raised in the motion to no avail.  The Court cautions Labor Ready's counsel to comply with Rule 7.1(a)(3) of the Local Rules of the Southern District of Florida in the future or risk being subjected to an appropriate sanction.